**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-11-02310-001-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Andres Lopez, | |
| Defendant. | |

Defendant Andres Lopez has filed a motion for compassionate release and a motion for change of counsel. Docs. 237, 242. For reasons stated below, the Court will deny the motions.

**I.   Background.**

In September 2012, Defendant pled guilty to conspiracy to possess methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841 and 846. Docs. 109, 110. Defendant was sentenced to fourteen years in prison in March 2013. Doc. 201. Defendant presently is confined at the Giles W. Dalby Correctional Institution ("CI-Dalby") in Post, Texas. *See* Federal Bureau of Prisons ("BOP"), *Find an inmate*, https://www.bop.gov/inmateloc/ (Andres Lopez, Register No. 55170-308) (last visited Nov. 3, 2020). His projected release date is November 4, 2023. *See id.*

On August 28, 2020, Defendant filed a one-page motion for compassionate release due to an unspecified chronic disease and to care for his sister and elderly mother.

1  Doc. 237.  Two weeks later, the Court granted Defendant's motion for appointment of
2  counsel to assist him in seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A).
3  Docs. 238, 239; *see* Gen. Order 20-28.  On October 6, 2020, appointed counsel filed a
4  notice stating that a new motion for compassionate release would not be filed.  Doc. 241
5  at 1.  Counsel further stated that he intends to review Defendant's position after Defendant
6  has taken the opportunity to submit a request for compassionate release to the warden at
7  CI-Dalby.  *Id.*

**II.   Compassionate Release Under 18 U.S.C. § 3582(c) and the First Step Act.**

Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018.  Pub. L. No. 115-391, 132 Stat. 5194, at 5239-40 (2018); *see United States v. Parker*, No. 2:98-CR-00749-CAS-1, 2020 WL 2572525, at *4 (C.D. Cal. May 21, 2020) (citing *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019)).  Section 3582(c) previously provided for compassionate release only upon motion of the BOP Director.  *See id.*; *United States v. McCollough*, No. CR-15-00336-001-PHX-DLR, 2020 WL 2812841, at *1 (D. Ariz. May 29, 2020).  The First Step Act amended § 3582(c) to permit motions for compassionate release by prisoners.  *See id.*; *United States v. Baye*, No. 3:12-CR-00115-RCJ, 2020 WL 2857500, at *8 (D. Nev. June 2, 2020) ("The First Step Act materially altered § 3582(c)(1)(A) as previously only the [BOP] Director could bring a motion for compassionate release.") (comparing § 3582(c)(1)(A) (2018) with § 3582(c)(1)(A) (2002)).  A prisoner may bring a motion for compassionate release only after (1) requesting the warden of his facility make such a motion on his behalf, and (2) exhausting all administrative appeals after the warden has denied the request, or 30 days have elapsed after the warden received the request, whichever is earlier.  § 3582(c)(1)(A); *see United States v. Millage*, No. 3:13-CR-234-SI, 2020 WL 2857165, at *1 (D. Or. June 2, 2020).

**III.  Defendant's Motions.**

Defendant does not claim to have filed a request for compassionate release with the warden of CI-Dalby (Doc. 237), and the notice filed by defense counsel seems to confirm

that no such request has been made (Doc. 241). The requirement to exhaust administrative remedies or wait 30 days after the warden receives a request for compassionate release is mandatory and cannot be waived by the Court. *See United States v. Brown*, No. 3:18-CR-228-DPJ-FKB, 2020 WL 3213415, at *2 (S.D. Miss. June 15, 2020) ("The Court's analysis of the statutory exhaustion requirement 'begins with the text.' As noted, § 3582(c)(1) states that 'the court may not' modify Brown's sentence until he exhausts his remedies. Nothing in § 3582(c) grants authority to waive this requirement.") (internal citation omitted); *United States v. Drummondo-Farias*, 460 F. Supp. 3d 1008, 1011 (D. Haw. 2020) ("§ 3582(c)(1)(A) is a statutory exhaustion requirement – not a judicially-created requirement. . . . [E]xhaustion is mandatory – nothing in the text of [the] statute suggests allowance for equitable or judicial exceptions."); *United States v. Weidenhamer*, No. CR-16-01072-001-PHX-ROS, 2020 WL 1929200, at *2 (D. Ariz. Apr. 21, 2020) ("The critical inquiry is whether the text of § 3582 allows for the Court to excuse Defendant's failure to exhaust her administrative remedies. There is no indication in the statutory text, nor has Defendant pointed to other supporting evidence, that would establish Congress meant to confer on the courts the authority to waive exhaustion."). Thus, while the Court understands Defendant's concerns about his chronic disease and his desire to care for family members (Doc. 237), the Court lacks authority to grant his motion for compassionate release. *See Weidenhamer*, 2020 WL 1929200, at *2; *United States v. Arciero*, No. CR 13-001036 SOM, 2020 WL 3037073, at *4 (D. Haw. June 5, 2020) ("Because Arciero has failed to exhaust her prison administrative remedies, this court lacks the authority to grant the relief she requests").[1]

Defendant moved for a change of counsel after learning that his current attorney informed his family that it makes no sense to file a motion for compassionate release at this time. Doc. 242 at 1. As explained above, Defendant must exhaust his prison

---

[1] Given this ruling, the Court need not address whether Defendant has shown the requisite extraordinary and compelling reasons for compassionate release under § 3582(c)(1)(A)(i) or whether such release is consistent with the factors set forth in 18 U.S.C. § 3553(a).

3

administrative remedies before moving the Court for compassionate release under § 3582(c)(1)(A). Defense counsel has made clear that he will determine whether it is appropriate to file a new motion for compassionate release after Defendant submits a request for such release to the warden of CI-Dalby. Doc. 241 at 1.

The Court concludes that a change of counsel is not warranted and therefore will deny Defendant's motion. Once Defendant has exhausted his administrative remedies, defense counsel shall file a new motion for compassionate release or a notice that no such motion will be filed.

**IT IS ORDERED:**

1. Defendant's motion for compassionate release (Doc. 237) is **denied**.

2. Defendant's motion for change of counsel (Doc. 242) is **denied**.

3. After Defendant has exhausted his administrative remedies, defense counsel shall file a new motion for compassionate release or a notice that no such motion will be filed. If counsel files a motion, the government shall file a response within **15 days** of service of the motion. Defense counsel may file a reply within **15 days** of service of the government's response.

4. If defense counsel files a new motion for compassionate release, counsel must contact U.S. Probation Officer Sharie Lutt to allow for investigation of release plans. *See* Doc. 239 at 2.

Dated this 6th day of November, 2020.

David G. Campbell
Senior United States District Judge